**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Philip Geary


     v.                             Civil No. 06-cv-334-SM

Bruce Cattell, Warden,
Northern New Hampshire
Correctional Facility


**REPORT AND RECOMMENDATION**


     Philip Geary has filed a petition for a writ of habeas corpus (document no. 1) pursuant to 28 U.S.C. § 2254.  The matter is before me for preliminary review.  See Rule 4 of the Rules Governing § 2254 proceedings (requiring initial review to determine whether the petition is facially valid).  As discussed herein, I find that the petition is not facially valid as it does not demonstrate exhaustion of the claims raised in Geary's petition.

Standard of Review

     Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court

construes pro se pleadings liberally.  See <u>Ayala Serrano v.</u>
<u>Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following
<u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe pro se
pleadings liberally in favor of the pro se party).  "The policy
behind affording pro se plaintiffs liberal interpretation is that
if they present sufficient facts, the court may intuit the
correct cause of action, even if it was imperfectly pled."  <u>Ahmed</u>
<u>v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997), <u>cert. denied</u>,
<u>Ahmed v. Greenwood</u>, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions
made by the plaintiff and inferences reasonably drawn therefrom
must be accepted as true.  See <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3
(1st Cir. 1996) (stating the "failure to state a claim" standard
of review and explaining that all "well-pleaded factual
averments," not bald assertions, must be accepted as true).  This
review ensures that pro se pleadings are given fair and
meaningful consideration.  See <u>Eveland v. Dir. of C.I.A.</u>, 843
F.2d 46, 49 (1st Cir. 1988).

<u>Background</u>

On February 5, 2004, Geary was convicted of multiple
felonies after a jury trial in the Strafford County Superior

Court.  Geary was sentenced to four separate 10 – 30 year prison
terms and one 3 ½ – 7 year prison term.  His 10 – 30 year
sentences were imposed consecutively to one another such that
Geary's total sentence is 40 – 120 years.  Geary claims that
after trial, he requested that his attorney appeal his
conviction, but that his attorney never filed a notice of appeal.
Geary attempted to file a pro se notice of appeal in April of
2004 which was ruled untimely by the New Hampshire Supreme Court.
On October 1, 2005, Geary filed a motion for a new trial in the
state Superior Court.  Geary admits that his motion for a new
trial, which he alleges contains the same claims as his petition
before this Court,[1] is still pending in the state court.

Discussion

    Under 28 U.S.C. § 2254, the federal courts are authorized to
"entertain an application for a writ of habeas corpus in behalf
of a person in custody pursuant to a judgment of a state court
only on the ground that he is in custody in violation of the
Constitution or laws or treaties of the United States."  To be
eligible for habeas relief, Geary must show that he is both in

---

    [1]In his federal petition, Geary alleges five claims of
prosecutorial misconduct, six claims of ineffective assistance of
counsel, and one claim that his sentence is illegal.  Geary has
not provided this Court with any pleadings filed in state court.

custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see</u> <u>also</u> <u>Braden v. 30th Jud. Cir. Ct. of Ky.</u>, 410 U.S. 484, 489-92 (1973); <u>Benson v. Super. Ct. Dep't of Trial Ct. of Mass.</u>, 663 F.2d 355, 358-59 (1st Cir. 1981).  Geary satisfies the first eligibility requirement as he is currently serving his sentence and is thus in custody.  However, at this time, the petition neither demonstrates that Geary has fully exhausted his state remedies, nor that effective state remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  <u>See</u> <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988), <u>cert. denied</u>, <u>Maloney v. Lanigan</u>, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); <u>see</u> <u>also</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the

state courts to give them the first opportunity to remedy the claimed constitutional error).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to <u>each and every claim</u> contained within the application."  <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (emphasis added).

Geary concedes that the claims are not yet exhausted, but are all pending in the state trial court.  It is not clear whether or not Geary presented any of these claims to the New Hampshire Supreme Court in his April 2004 attempt to proceed with a pro se state court appeal.

Additionally, Geary has not alleged facts sufficient to show that the state corrective process was inadequate.  Geary's efforts at appeal were denied as untimely, and his counsel failed to file a notice of appeal, but nothing in the petition suggests that state processes generally provided for seeking relief were not available to Geary.  Further, Geary is currently litigating these issues by utilizing the state's post-conviction corrective processes.  Accordingly, I find that Geary has not alleged facts

sufficient to demonstrate that he should be excepted from the
rule requiring exhaustion.

Because Geary concedes that he has not yet exhausted his
state court remedies, I recommend that this action be dismissed
without prejudice to refiling once the claims have been exhausted
in state court.  This recommendation is in no way a comment on
whether or not the claims raised in the petition are
substantively meritorious or timely filed.  If a new petition is
filed after the claims are fully exhausted, preliminary review
pursuant to § 2254 Rule 4 will be conducted.

Conclusion

Any objections to this Report and Recommendation must be
filed within ten (10) days of receipt of this notice.  Failure to
file objections within the specified time waives the right to
appeal the district court's order.  See Unauthorized Practice of
Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United
States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date: September 18, 2006

cc:  Philip Geary, *pro se*

6